## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **MAX MULLER,** | ) | |
| **14002 Slater** | ) | |
| **Overland Park, Kansas 66221** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **DALE MASK,** | ) | |
| **20304 West 93rd Street** | ) | |
| **Lenexa, Kansas 66220** | ) | |
| | ) | |
| **and** | ) | |
| | ) | **Case No.:** |
| **RICHARD DAMRON,** | ) | |
| **14775 South Glen Eyrie** | ) | |
| **Olathe, Kansas 66061** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **DON HANCOCK,** | ) | |
| **371 Arbor Gate** | ) | |
| **Buffalo Grove, Illinois 60089** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **MARTHA JENKINS,** | ) | |
| **21325 Farm Lane** | ) | |
| **Gardner, Kansas 66030** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **SEAN EVANS,** | ) | |
| **8913 W. 126th Street** | ) | |
| **Overland Park, Kansas 66213** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **LESTER SMITH,** | ) | |
| **1512 SW Cross Creek Place** | ) | |
| **Blue Springs, Missouri 64015** | ) | |
| | ) | |
| **and** | ) | |

1

|  |  |
|---|---|
| **TIM HARDIN,** | ) |
| **9801 Mohawk Lane** | ) |
| **Leawood, Kansas 66206** | ) |
|  | ) |
| **Plaintiffs,** | ) |
|  | ) |
| **v.** | ) |
|  | ) |
| **AMERICAN MANAGEMENT** | ) |
| **ASSOCIATION INTERNATIONAL,** | ) |
|  | ) |
| **Serve Registered Agent:** | ) |
| **Corporation Service Company** | ) |
| **200 S.W. 30th Street** | ) |
| **Topeka, Kansas 66611** | ) |
|  | ) |
| **Defendant.** | ) |

## <u>COMPLAINT</u>

Plaintiffs state and allege as follows:

1.     This Complaint is filed because the Plaintiffs seek to recover damages from and equitable relief against the defendant.  This lawsuit arises under, among other things, the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001, *et seq*. ("ERISA").  Specifically, the Plaintiffs seek:

> (a)     Compensatory damages caused by the defendant's breaches of contract; and
>
> (b)     Benefits due to them under one or more employee benefit plans, and to enforce their rights under the employee benefit plans; to recover money damages for breach of fiduciary duty regarding the administration of benefits under the employee benefit plans and for other equitable and remedial relief; to recover statutory costs and attorneys fees as provided by ERISA; and to obtain all other appropriate equitable relief to redress the violations of ERISA or to enforce any of the provisions of ERISA or the terms of the plans.

2.     In addition, the Plaintiffs seek to recover damages from and equitable relief against the defendant pursuant to the Fair Labor Standards Act of 1938, Title 29, United States Code, Section 201 *et seq*.  As non-exempt employees of defendant, Plaintiffs were entitled to compensation for overtime hours for workweeks in excess of forty (40) hours at a rate of one and one-half times their regular rate of pay.

## Jurisdiction and Venue

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1332. This Court has jurisdiction over the Plaintiffs' ERISA claims, pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331.  Under §502(f) of ERISA, 29 U.S.C. §1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.   This Court also has jurisdiction of the civil actions herein set forth pursuant to the Fair Labor and Standards Act of 1938 ("FLSA"), as amended, Title 29, United States Code, Section 201*, et seq*.   This Court has jurisdiction over the Plaintiffs' common law claims pursuant to this Court's supplemental jurisdiction, 28 U.S.C. § 1367(a).

4.     The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy Five Thousand dollars ($75,000).   There is diversity of citizenship between the Plaintiffs and defendant.

5.     A significant portion of the events, acts and omissions giving rise to this class action lawsuit occurred in the United States District Court for the District of Kansas, Kansas City, Kansas. Venue is proper in the District of Kansas pursuant to 28 U.S.C. §1391(b) and §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b).

6.     The defendant may be found, has agents in, or transacts business in Kansas.

7.      One or more or the Plaintiffs reside in Johnson County located within the United States District Court, District of Kansas.

## Parties

8.      Plaintiff Max Muller resides at 14002 Slater, Overland Park, Kansas 66221.

9.      Plaintiff Dale Mask resides at 20304 West 93rd Street, Lenexa, Kansas 66220.

10.     Plaintiff Richard Damron resides at 14775 South Glen Eyrie, Olathe, Kansas 66061.

11.     Plaintiff Don Hancock resides at 371 Arbor Gate, Buffalo Grove, Illinois 60089.

12.     Plaintiff Martha Jenkins resides at 21325 Farm Lane, Gardner, Kansas 66030.

13.     Plaintiff Sean Evans resides at 8913 W. 126th Street, Overland Park, Kansas 66213.

14.     Plaintiff Lester Smith resides at 1512 SW Cross Creek Place, Blue Springs, Missouri 64015.

15.     Plaintiff Tim Hardin resides at 9801 Mohawk Lane, Leawood, Kansas 66206.

16.     Defendant American Management Association International ("defendant") is a New York corporation with its headquarters and principal place of business in New York.  Defendant conducts continuous and systematic business in Kansas.  Defendant is the plan administrator or plan sponsor, as those terms are defined by § (16)(A) and (B) of ERISA, 29 U.S.C. §1002, of some of the employee benefit plans at issue in this litigation, and described in greater detail below.  Defendant is also a fiduciary as defined by § (21)(A) of ERISA, 29 U.S.C. §1002, of some of the employee benefit plans at issue in this litigation and described in more detail below.  As an administrator, sponsor and fiduciary, defendant is a party in interest as defined by § (14) of ERISA, 29 U.S.C. §1002.  At all times relevant, Padgett-Thompson, Inc. is an agent and/or division of defendant American Management Association International.

4

17.     Whenever reference in this Complaint is made to any act or transaction of defendant, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents and/or representatives of defendant committed, knew of, performed, authorized, ratified and/or directed such act or transaction on behalf of defendant while actively engaged in the scope of their duties.

## Allegations Common to All Counts

18.     At all times relevant hereto, defendant was and is in the business of sponsoring, marketing, advertising and administering seminars, as well as employing persons to present such seminars at assigned locations on an international basis.

19.     At all times relevant hereto, defendant was and is a businesses employing certain employees in commerce or in the production of goods for commerce and is subject to the provisions of the Fair Labor Standards Act of 1938, Title 29, United States Code, Section 201 *et seq*.

20.     Plaintiffs conducted/presented seminars and/or trained such presenters on behalf of defendant.

21.     Plaintiffs were improperly classified by the defendant as independent contractors for tax and benefit purposes.

22.     At all times relevant hereto, Plaintiffs were actually non-exempt employees as defined by the Fair Labor Standards Act of 1938, as amended.

23.     As non-exempt employees of defendant, Plaintiffs were entitled to compensation for overtime hours for workweeks in excess of forty (40) hours at a rate of one and one-half times their regular rate of pay.

24.     The methods and means that the presenters/trainers adhere to in presenting defendant's seminars are so tightly controlled by the defendant that the presenters/trainers are in reality employees of defendant, not independent contractors.

25.     Plaintiffs sold the defendant's books, periodicals and like merchandise offered for sale at the seminars.

26.     Other than in conjunction with the seminars, Plaintiffs were restricted from using defendant's materials for any other reason.

27.     Any materials authored or prepared by Plaintiffs for use in or in conjunction with the seminars were considered the property of defendant.

28.     Plaintiffs had training managers and were required to attend dress rehearsals at defendant's offices prior to being permitted to present each particular type of seminar.

29.     The "Information for Training Candidates" sheet that was provided to Plaintiffs by defendant states that "marketing and telephone registration of customers, airfare, rental car, seminar room and refreshments, and sleeping room arrangements are made for you in advance."

30.     Plaintiffs were then reimbursed by defendant for expenses such as sleeping room, rental car, meals, and incidentals.

31.     Plaintiffs were restricted by defendant from engaging their own assistants and/or registrars.  To that end, if an assistant and/or registrar was required for a seminar, one was provided by and paid for by defendant.

32.     Defendant provided Plaintiffs with laptop computers, overhead projectors, seminar materials, flip charts, a voice mail service extension at the defendant's locations, and other equipment and supplies needed by Plaintiffs so as to conduct their work.

33.     Plaintiffs did not have a financial investment in a business related to the services performed and could not have incurred a loss in the performance of their services for defendant.

34.     Defendant knowingly and wrongfully filed false information with federal and state revenue departments regarding the employment status of the presenters/trainers that comprise the class.

35.     Defendant provided its employees with a variety of employee benefits, including but not limited to savings and investment plans, employee stock purchase plans, a dental plan, educational programs, funeral leave, a retirement plan, medical expense benefits, life and disability benefits, short term illness benefits, sick leave, and vacation pay.

36.     Defendant provided employee benefits to employees pursuant to applicable IRS rules and regulations and employee rights as defined by the Employment Retirement Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq*.

37.     Plaintiffs were wrongfully denied the employee benefits provided to other employees of defendant.

38.     Defendant fraudulently intended and wrongfully planned to deny to the Plaintiffs employee benefits provided to other employees of defendant.

39.     Defendant wrongfully refused to make income tax contributions on behalf of Plaintiffs pursuant to the Internal Revenue Code, including §§ 3121, 3306 and 3401.

40.     On at least one occasion, the IRS determined that one of defendant's presenters/trainers was an employee rather than an independent contractor for purposes of federal income tax payments.

41.     Since the date such presenter/trainer was determined to be an employee, defendant, among other obligations, has a prospective obligation to treat all other similarly situated presenters/trainers as employees for federal income tax and benefit purposes.

**Count I**
**Claim For Benefits Pursuant to**
**§502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B)**

42.     Plaintiffs incorporate paragraphs 1 through 41 as if set forth fully in Count I.

43.     Although the defendant has attempted to characterize the plaintiff presenters/trainers as independent contractors, for ERISA purposes, Plaintiffs are employees of defendant.

44.     On information and belief, the following facts demonstrate defendant's control and right to control the plaintiff presenters/trainers:

(a)     Plaintiff presenters/trainers were required to go through a dress rehearsal at defendant's locations prior to being permitted to present each particular type of seminar;

(b)     Plaintiff presenters/trainers were reimbursed by defendant for all travel expenses, including airfare, rental cars, taxi fares, train fares, tips to skycaps, valets, bellmen, tolls, gas for rental cares, the costs of reproducing sales flyers for use at seminars, the cost of copies of seminar materials, the costs of materials used to produce transparencies, and approved phone calls;

(c)     Defendant furnishes substantially all of the supplies and materials that plaintiff presenters/trainers use for their presentations;

(d)     Plaintiff presenters/trainers were restricted from engaging their own assistants and/or registrars;

(e)     When assistants and/or registrars were provided by defendant, the plaintiff presenters/trainers were required to approve their time sheets or time cards, and were not allowed to terminate them;

(f)     Plaintiff presenters/trainers had set schedules which they had to follow, including meeting the registrar at 6:45 a.m., meeting a temporary (if provided) at 7:00 a.m., and beginning the seminar at 8:30 a.m.  They were not allowed to end the seminar before 3:30 p.m.;

8

(g)     Each public seminar performed by the plaintiff presenters/trainers is done in a location that the defendant had contracted for;

(h)     Plaintiff presenters/trainers are required to submit daily reports which consist of calculating the total number of seminar attendees by category on the defendant's approval forms and filing daily sales reconciliation reports;

(i)     Plaintiff presenters/trainers are required to calculate and file a weekly summary report that contains the number of attendees per day; daily net sales; daily net revenue per attendee; the number of evaluation forms returned and the percentage of daily attendance this represents; the number of demographic forms returned and the percentage of daily attendance this represents; and, the number of order forms completed and the percentage of daily attendance this form represents;

(j)     Plaintiff presenters/trainers are paid daily salaries and the amount does not vary in relation to the amount of work performed;

(k)     Any materials authored or prepared by Plaintiff presenters/trainers for use in or in conjunction with the seminars were considered the property of defendant.

(l)     There is a commission structure set by the defendant for the plaintiff presenters/trainers that is identical to the one used for the employees of defendant; and

(m)     Plaintiff presenters/trainers do not suffer a loss or realize a profit for their services other than the daily salary and commission that they receive.

45.     The facts identified above demonstrate that, contrary to the defendant's classification of Plaintiffs as independent contractors, the defendant maintained such extensive control and the right to control the methods and means of the plaintiff presenters'/trainers' work, that Plaintiffs must be considered employees of defendant for ERISA purposes.

46.     As employees of defendant, Plaintiffs should be considered "participants" in all employee benefit plans maintained by defendant for its employees and are, therefore, eligible to

receive the full extent of employee benefits afforded to all other employees of the defendant under those plans and programs, including but not limited to:

    (a)    Savings and investment plans;

    (b)    Employee stock purchase plans;

    (c)    A dental plan;

    (d)    Educational programs;

    (e)    Funeral leave;

    (f)    A retirement plan;

    (g)    Medical expense benefits;

    (h)    Life and disability benefits;

    (i)    Short term illness benefits;

    (j)    Sick leave; and

    (k)    Vacation pay.

47.     At all times relevant, defendant has refused to allow plaintiff presenters/trainers to participate in any of its employee benefit plans and programs, and no contributions have been made or benefits paid on behalf of plaintiff presenters/trainers.

48.     Pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), Plaintiffs are entitled to maintain a civil action to recover all benefits due them during the period of time they were eligible employees of defendant, to enforce their rights under the terms of the defendant's employee benefit plans and programs, and to clarify their rights to future benefits under the terms of the defendant's benefit plans and programs.

49.     Plaintiffs are not required to exhaust administrative remedies because while employed by defendant Plaintiffs were never informed by the defendant of the existence of any employee benefit plan, nor were Plaintiffs ever provided any information regarding claim filing procedures.  In addition, on numerous occasions, plaintiff presenters/trainers, as well as other presenters/trainers requested that they be considered employees, as well as receive benefits pursuant to such classification.  On each occasion, such presenters/trainers were told that they were not employees, they were independent contractors, and not entitled to any employee benefits.  In fact, on one occasion, counsel for defendant specifically stated, in written form, that all of defendants' presenters/trainers were independent contractors and treated the same.  Any attempt to proceed pursuant to any administrative remedies would have been futile.

WHEREFORE, Plaintiffs request that judgment be granted against defendant in an amount that is fair and reasonable, together with prejudgment interest as provided by law, and that Plaintiffs receive such other relief as the Court deems proper and just under the circumstances, including payment of costs and expenses incurred in filing this suit, and reasonable attorney's fees.

### Count II
### Breach of Contract

50.     Plaintiffs incorporate paragraphs 1 through 49 as if set forth fully in Count II.

51.     Plaintiffs and defendant were parties to an agreement calling for Plaintiffs to act as an independent agent.

52.     Defendant required that Plaintiffs function as de facto employees, thereby denying to Plaintiffs the benefits of their independent agent status pursuant to the agreement.

53.     Despite the requirement that the Plaintiffs function as de facto employees, the defendant breached its agreement with Plaintiffs in denying to Plaintiffs the benefits of employee status, such as FICA and FUTA tax contributions.

54. Defendant required Plaintiffs to function as de facto employees but denied to Plaintiffs the benefits of employee status.

55. As a result of defendant's breach of its agreement with Plaintiffs and denial to Plaintiffs the benefits of employee status, the Plaintiffs have suffered damage, including but not limited to FICA and FUTA tax contributions.

WHEREFORE, Plaintiffs requests that judgment be granted against defendants in an amount that is fair and reasonable, together with prejudgment interest as provided by law, and that Plaintiffs receive such other relief as the Court deems proper and just under the circumstances, including payment of costs and expenses incurred in filing this suit, and reasonable attorney's fees.

## Count III
### FLSA

56. Plaintiffs incorporate paragraphs 1 through 55 as if set forth fully in Count III.

57. Defendant improperly classified Plaintiffs as "exempt" pursuant to the FLSA. Rather, Plaintiffs were "non-exempt" employees and entitled to compensation for overtime hours as set forth herein in accordance with the FLSA.

58. Defendant violated Sections 7 and 15(a)(2) of the FLSA by failing to compensate Plaintiffs for overtime hours as set forth herein in accordance with the FLSA.

59. That defendant's actions and violations as aforesaid were willful and Plaintiffs are entitled to recover from defendant, liquidated damages pursuant to Section 16(b) of the FLSA.

60. That Plaintiffs are entitled to recover reasonable attorneys' fees and costs of the action.

## Demand for Jury Trial

Plaintiffs hereby demand a trial by jury on all issues in this matter.

EDGAR LAW FIRM, LLC


By /s/ John F. Edgar
    John F. Edgar        #18080
    Ralph K. Phalen
    4520 Main Street, Suite 930
    Kansas City, MO 64111
    Telephone: (816) 531-0033
    Facsimile:  (816) 531-3322

    ATTORNEYS FOR PLAINTIFFS


## Designation Of Place Of Trial

Plaintiffs hereby designate Kansas City, Kansas, as the place for trial.

EDGAR LAW FIRM, LLC


By /s/ John F. Edgar
    John F. Edgar        #18080
    Ralph K. Phalen
    4520 Main Street, Suite 930
    Kansas City, MO 64111
    Telephone: (816) 531-0033
    Facsimile:  (816) 531-3322

    ATTORNEYS FOR PLAINTIFFS